[No. 8524.  Department One.—June 25, 1885.]

## LOUIS WEST, APPELLANT, v. VICTOR B. MASSON ET AL., RESPONDENTS.

DEED—BREACH OF COVENANT—GRANT, BARGAIN, AND SALE.—The defendants, by a deed of grant, bargain, and sale, conveyed certain land to the plaintiff, and expressly covenanted therein "to warrant and defend the premises against all persons lawfully claiming the same, by, through, or under them." At the time of the conveyance the grantor of the defendants was in possession of the premises, claiming that his deed to them, although absolute in form, was intended as a mortgage. He subsequently brought an action against the plaint- iff and the defendants to redeem from such alleged mortgage. The plaintiff defended the action, and afterwards brought an action against him to recover possession of the premises. In both actions the plaintiff was successful. *Held*, that there had been no breach of either the express or implied covenants in the deed to the plaintiff.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Moses G. Cobb*, for Appellant.

The case discloses an eviction by the defendants of the plaint- iff from the premises conveyed; and consequently such a breach of the covenants in their deed as entitle the plaintiff to recover all that it cost him to regain possession. (Civ. Code, § 1113; *McGary* v. *Hastings*, 39 Cal. 360; *Prescott* v. *Trueman*, 4 Mass. 627; *Shearer* v. *Ranger*, 21 Pick. 448; *Bronson* v. *Coffin*, 108 Mass. 180; 3 Am. Dec. 246; *Delavergne* v. *Norris*, 7 Johns. 359; *Harlow* v. *Thomas*, 15 Pick. 68; *Brooks* v. *Moody*, 20 Pick. 476; *Norton* v. *Babcock*, 2 Met. 517; *Barnes* v. *Mott*, 64 N. Y. 402; *Harrington* v. *Murphy*, 109 Mass. 300.)

*Loughborough & Newhall*, for Respondents.

The assertion of title by the defendant's grantor, even if it had prevailed, was not a breach of the covenant. (*Bryan* v. *Swain*, 56 Cal. 616.)

McKEE, J.—On the 13th of May, 1877, the defendants, Francis P. and Victor B. Masson, sold, and by a deed of grant, bargain, and sale, conveyed to the plaintiff, Louis West, a tract.

of land in Alameda County. Additional to the covenant implied from the terms "grant, bargain, and sale," the deed contained a covenant on the part of the grantors "to warrant and defend the premises against all persons lawfully claiming the same by, through, or under them, or either of them." When West acquired title from the defendants he was in possession of a small portion of the tract, as tenant of one William Schuman, from whom the defendants derived title, subject to the lease to West, and Schuman occupied the balance of the land. West knew when he purchased from the defendants, and before paying the purchase money and receiving his deed, that Schuman was in possession, nominally as a tenant at will of the Massons, but claiming that the deed by which he had transferred the title to them, though absolute in form, was intended as a mortgage to secure payment of a certain mortgage on the land in favor of the Massons; and for the foreclosure of which there was at the time of the execution of the deed by Schuman to them an action pending in their favor against Schuman, West, and others. Under these circumstances West purchased from the defendants and received and had recorded his deed.

·˙ Soon after the deed to West was recorded, Schuman tendered to the Massons money to redeem the land from what he claimed to be a mortgage to them, and demanded a reconveyance of the premises. They refused to accept the tender or to comply with the demand. A suit in equity was thereupon commenced by Schuman against the Massons and West, their grantee, to have the deed to the former declared a mortgage, and to compel the defendants in the action to reconvey the premises upon payment of what was due. West notified his co-defendants in the action to defend the suit, but they refused, and he had to defend it at his own expense, and afterward, at his own cost and expense, had to commence and prosecute an action of ejectment against Schuman to recover possession of the land. In both actions he was successful, and the object of the action in hand is to recover· from the defendants the money expended by him in recovering from Schuman possession of the land which he purchased from them. For this, he contends, they are liable upon the covenants in the deed. But we think there was no breach of either the express or implied covenant in the deed to the plaintiff.

Schuman did not claim a paramount title to the land adverse to the defendants, as his grantees, nor a title "by, through, or under them, or either of them." He was in possession under them, asserting that the conveyance of the land which he had made to them, and under which they claimed to have derived their title from him, was a mortgage from which he had the right to redeem the land. The assertion of such a claim was not a breach of the defendant's covenant of warranty to the plaintiff. The plaintiff purchased with full knowledge of the claim, and took a conveyance of the land subject to it; any expenditures of money made in resisting it were, therefore, in defense of his own right, and no liability attached to the defendants by reason of their covenants in the conveyance to pay him therefor.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.